UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD RUNNELS** | : | **CIVIL ACTION NO. 2:13-cv-101** |
| **VERSUS** | : | |
| | | **JUDGE MINALDI** |
| **WARDEN, AVOYELLES** | : | |
| **MARKSVILLE DETENTION** | | |
| **CENTER** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for writ of habeas corpus by petitioner, Donald Runnels. Petitioner is an inmate in. the custody of the Louisiana Department of Public Safety and Corrections. He seeks relief from a conviction and sentence imposed in 2011 by the Thirty-Third Judicial District Court in and for Allen Parish, Louisiana. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### Background

Petitioner was charged via a bill of information with simple burglary and theft of less than $500.00 on or about December 23, 2010. Doc. 5, att. 1, p. 19. On or about October 12, 2011, a jury found him guilty of simple burglary.

After the conviction but before sentencing, the State filed a habitual offender bill. On December 15, 2011, while the habitual offender bill was pending, the trial court sentenced petitioner on the underlying charges. On the simple burglary count, he was sentenced to ten years at hard labor (with three years suspended), four years of supervised probation, and was

ordered to pay certain fees. The trial court also sentenced petitioner on the theft count to six months incarceration to run concurrent with the burglary sentence.

Petitioner appealed his sentence and conviction to Third Circuit Court of Appeal. He raised several claims for relief, including: (1) sufficiency of the evidence, (2) ineffective assistance of counsel, (3) improper use of notes by witnesses, (4) improper jury instructions, (5) misconduct by the state, (6) alleged bias by the trial court, and (7) excessiveness of his sentence.

On November 7, 2012, the appellate court affirmed his conviction and sentence for simple burglary, and vacated and remanded the sentence for theft less than $500.00. Doc. 5, att. 1, p. 20. The theft sentence was vacated because there was nothing in the record indicating that a verdict was rendered either by the jury or by the trial court on this count. *State v. Runnels*, 101 So.3d 1046 (La. App. 3 Cir. 11/7/12).

Petitioner was sentenced as a Habitual Offender on or about November 29, 2012. His motion for rehearing was denied on January 9, 2013. Petitioner admittedly did not seek review with a higher state court.

Petitioner filed the instant petition on January 31, 2013. He claims (1) that he should have been tried by a twelve person jury rather than six, (2) that his counsel provided ineffective assistance, (3) that the jury instructions were improper jury instructions, and (4) that the sentence imposed was excessive.

## Law and Analysis

Federal courts of the United States have jurisdiction to entertain applications for writs of habeas corpus on behalf of a person in State custody only if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application "shall not be granted," however, "unless . . . the applicant has exhausted the remedies

available in the courts of the State[.]" 28 U.S.C. 2254(b)(1)(A). This exhaustion doctrine requires a petitioner to present all federal claims to the state court before requesting federal habeas relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). State court prisoners must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The federal claims should be presented to state courts "in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner did not seek review with the Louisiana Supreme Court on direct appeal, nor has he pursued post-conviction relief. He readily admits that he did not fully litigate the claims raised in the instant application in the Louisiana court system. Petitioner claims, however, that this failure should be excused because it would be a conflict for the state to resolve whether it violated petitioner's constitutional rights. Doc. 5, p. 5.

The failure of petitioner to exhaust his claims in state court is excusable only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). This first exception plainly does not apply as petitioner had the opportunity to seek supervisory review with the Louisiana Supreme Court and/or pursue post-conviction relief.

The second exception has an exceedingly narrow application. The jurisprudence recognizes that a state court process may be ineffective (1) where it would be futile for petitioner to seek state court relief, either (a) because the issue has been foreclosed as a matter of law, or (b) because the highest court already ruled against petitioner on the issue in an earlier

proceeding, or (2) where the state court has unreasonably delayed ruling on an issue. *See* Brian R. Means, *Federal Habeas Manual* §§ 9C:53, 9C:54 (2012).

Petitioner's assertion that the state courts have a conflict of interest is both speculative and conclusory. Moreover, his argument would have the effect of eliminating the exhaustion requirement altogether because state appellate courts are always called upon to correct lower court errors. He has not demonstrated futility or an unreasonable delay.

For the foregoing reasons we conclude that petitioner is not relieved from his obligation to exhaust his claims in state court and that this matter should be dismissed as premature.

## Conclusion and Recommendation

Petitioner's claims for relief have not been "fairly presented" to the state courts, and thus, this court lacks the authority to grant petitioner the relief he requests.

Accordingly, IT IS RECOMMENDED that the instant petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 21st day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE